IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                                    **Cr. No. 02-2092 MV**

**vs.**

**DAVID LOUIS KING,**

        **Defendant.**

**DEFENDANT'S EMERGENCY MOTION TO CORRECT SENTENCE
PURSUANT TO 28 U.S.C. §2255**

COMES NOW Defendant David Louis King, by and through his attorney, Kenneth A. Gleria, and hereby moves to Court to correct his sentence of 180 months imposed on May 26, 2004 under the Armed Career Criminal Act (ACCA), and schedule a resentencing hearing without delay and impose a sentence not greater than ten (10) years imprisonment, and order his release from custody. The Supreme Court's decision *in Johnson v. United States*, 135 S. Ct. 2551 (2015), and the April 18, 2016 decision in *Welch v. United States*, 136 S. Ct. 1257 (2016) which applies the substantive rule announced in the *Johnson* decision retroactively, renders the ACCA inapplicable to David Louis King, limiting his sentence to a maximum of ten (10) years, and entitling him to be resentenced, and released from custody.

    **1.**        **Introduction**

The court found the ACCA governed David Louis King's sentence based on application of the ACCA's residual clause of 18 U.S.C. §924(e)(2)(B)(ii) that the Supreme Court has held to be unconstitutionally vague in *Johnson*. To support the ACCA sentence, the Court relied on Mr. King's conviction for residential burglary, his

conviction for commercial burglary, and his conviction for armed robbery. The court considered the latter conviction to be a conviction for a "violent felony" under the ACCA solely on the grounds that it fit within the unconstitutional residual clause.

*Johnson* established a new "substantive" rule that prohibit[s] a certain category of punishment," a minimum sentence of fifteen years, "for a class of defendants," like David L. King, whose ACCA sentences depend on the ACCA's residual clause. See *Montgomery v. Louisiana*, 136 S. Ct. 718, 728 (2016) (quoting *Penry v. Lynaugh*, 492 U.S. 302,330 (1989)). The April 18, 2016 decision in *Welch v. United States*, 136 S. Ct. 1257 (2016) applies the substantive rule announced in the *Johnson* decision retroactively. *Johnson* therefore requires vacating David L.King's ACCA sentence.

Without the ACCA, the court may impose a maximum sentence of ten (10) years. Mr. King has already served approximately twelve years and is due to be released on June 19, 2017. Consequently, this court should promptly vacate his illegal sentence, schedule a resentencing as soon as possible and sentence Mr. King to a term of imprisonment not greater than ten (10) years, and order that he be released from custody given the *Johnson* case precedent was decided by the Supreme Court on June 26, 2015.

2.  **Statement of Facts**

On February 18, 2004, pursuant to a plea agreement, David L. King pleaded guilty to count two of a Superseding Indictment charging violations of 18 U.S.C §922(g)(1), and 18 U.S.C. §924(e)(1), Felon in Possession of a Firearm (Doc. 56). In the presentence report, the probation office concluded that David L. King was subject to the ACCA. (PSR-Page 8, Paragraph 26). Ordinarily a conviction under 18 U.S.C. §922(g) carries a maximum sentence of ten (10) years. 18 U.S.C. §924(a)(2). However, under the

ACCA, a person who violates 18 U.S.C. §922(g)(1) must serve at least fifteen years in prison if he has previously been convicted of three "violent felonies." 18 U.S.C. §924(e)(1). Prior to *Johnson*, a "violent felony" included a felony offense that "is burglary, arson or extortion or involves use of explosives or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. §924(e)(2)(B)(ii). The clause beginning with "otherwise" is known as the residual clause. The probation office determined that three of David L. King's New Mexico convictions qualified as "violent felonies": his 1986 armed robbery conviction, his 1995 commercial burglary conviction, and his 1995 residential burglary conviction.

      The probation office did not cite any authority in the presentence report to justify characterizing the armed robbery conviction as a violent felony. Neither party objected to the characterization of the armed robbery conviction as a violent felony. The court adopted the findings of the presentence report. The court found David L. King was subject to the ACCA based on the conclusions set forth in the presentence report. The court sentenced David L. King to the low-end of the guideline range and statutory minimum sentence, 180 months (Doc. 65). David L. King has been in continuous federal custody since July 2004. The Bureau of Prisons projects David L. King's release date to be June 19, 2017, assuming he receives all possible good time credit.

      On June 26, 2015, the Supreme Court held in *Johnson* that the residual clause was unconstitutionally vague and therefore increasing a defendant's sentence under the clause denies due process of law in all cases. 135 S. Ct. at 2556-2563. The April 18, 2016 decision in *Welch v. United States*, 136 S. Ct. 1257 (2016) applies the substantive rule announced in the *Johnson* decision retroactively. As a result of the retroactivity of the

substantive rule announced in *Johnson*, David L. King's ACCA sentence is invalid. David L. King is entitled to the vacating of his ACCA sentence.

### 3.     Argument

The court should expeditiously grant David L. King's §2255 motion, vacate his sentence of 180 months imposed under the ACCA, schedule a resentencing for a date which is as soon as possible and impose a sentence not greater than ten (10) years and order his release from custody. The Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), renders the ACCA inapplicable to David L. King, and limits his sentence to a maximum of ten (10) years, which he has already served.

The Supreme Court decided in *Johnson* that increasing a defendant's sentence pursuant to the ACCA's residual clause violates due process of law in all cases. As discussed in the Statement of Facts, the ACCA increases the punishment for a violation of 18 U.S.C. §922(g)(1), from a maximum sentence of ten (10) years imprisonment, *see* 18 U.S.C. §924(a)(2), to a mandatory minimum sentence of fifteen (15) years in prison if the offender has previously been convicted of three "violent felonies." 18 U.S.C. §924(e)(1). An adult felony offense is a "violent felony" if it satisfies one of two provisions. The first provision requires the offense to have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. §924(e)(2)(B)(i). The "otherwise" portion of the second provision is known as the residual clause.

In *Johnson*, the Supreme Court held the ACCA's residual clause is unconstitutionally vague due to two of its features. First, "the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime." 135 S. Ct. at 2557. The

clause "ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real world facts or statutory elements" yet offers no guidance as to how "one go[es] about deciding what kind of conduct the 'ordinary case' of a crime involves." *Id.*

Second, the New Mexico armed robbery statute does not satisfy the criteria for either of the two non-residual clause categories of "violent felony." The government has the burden to show that it does to justify an ACCA enhancement. See *United States v. Delossantos*, 680 f.3d 1217, 1219 (10th Cir. 2012) (government bears the burden to prove a defendant is subject to the ACCA). New Mexico second-degree armed robbery is obviously not a burglary, arson or extortion or involve the use of explosives. *See* 18 U.S.C. §924(e)(2)(B)(ii).

It also does not have "as an element the use, attempted use, or threatened use of physical force against the person of another. *See* 18 U.S.C. §924(e)(2)(B)(i). To commit second-degree armed robbery, the offender need only use or threaten to use minimal force. The Supreme Court has defined "physical force" in §924(e)(2)(B)(i) as "strong physical force." "a substantial degree of force," "violent force-this is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). Thus, David L. King's armed robbery offense does not require sufficient force to fall within ACCA's "physical force" clause.

In determining whether an offense qualifies as a "violent felony" under the "physical force" clause, sentencing courts must employ the categorical approach. *United States v. Ramon Silva,* 608 f.3d 663, 669 (10th Cir. 2010). That approach mandates that courts "look only at the statutory definitions"-i.e., the elements-of a defendant's prior

offenses, and *not* 'to the particular facts underlying those convictions.'" *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990) (emphasis in original). Also under that approach, courts presume the defendant's conviction rested upon nothing "more than the least of [the] acts" criminalized by the relevant statutory provision. *Johnson*, 559 U.S. at 137, *de Leon v. Lynch*, 808 F.3d 1224, 1230 (10th Cir. 2015).

The Supreme Court determined the meaning of "physical force" in the *Johnson* case. In that case, the Court addressed whether a violation of Florida's battery statute satisfied the "physical force" clause. That statute required only any intentional physical contact, no matter how slight. 559 U.S. at 138. The Court held such a minimal touching did not constitute "physical force" under §924(e)(2)(B)(i). *Id.* at 145. "Physical force" in the ACCA "violent felony" context, the Court explained, means "*violent* force-that is, force capable of causing physical pain or injury to another person." *Id.* at 140, *Id. at 138-145*. Obviously, the slightest physical contact did not come near to matching that definition.

David L. King's New Mexico second-degree armed robbery offense presents a virtually identical situation. N.M. Stat. Ann. §30-16-2 defines second degree armed robbery as "the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence." "Whoever commits robbery while armed with a deadly weapon is, for the first offense, guilty of a second degree felony…" *See also* NMRA UJI 14-1621. Under New Mexico law, to constitute robbery, the use or threatened use of force must be the lever that separates the thing of value from the victim. *State v. Martinez*, 513 P.2d 402 (N.M. App. 1973). "The

amount or degree of force is not a determinative factor." *Id.* at 403 "[T]he amount of force is immaterial." NMRA UJI 14-1621, committee commentary. The force just has to be enough to overcome "resistance of attachment." *State v. Curley*, 939 P.2d 1103, 1105 (N.M. App. 1997).

Examples of sufficient force for New Mexico armed robbery include: snatching an article, such as a pin, that is so attached to a person's clothes as to require some force to remove it, *id.*, at 1106; the pickpocket of his or her confederate "jostling" the owner for the purpose of diverting the owner's attention, *id.*, *Martinez*, 513 P.2d at 403, *State v. Segura*, 472 P.2d 387, 387-388 (N.M. App. 1970), *United States . Reynolds*, 20 M.J. 118, 120 (C.M.A. 1985) (citing *Segura* for that proposition); grabbing the owner's purse and taking it after a struggle when the purse strap breaks, *State v. Verdugo*, 164 P.3d 966, 974 (N.M. App. 2007); grabbing the victim and locking her in a cell, *State v. Pitts*, 700 P.2d 650, 652-653 (N.M. App. 1985); shoving the person's shoulder, *Curley*, 939 P.2d at 1104, 1107; *see also* 4 Charles E. Torcia, *Wharton's Criminal Law* (15th ed. 1996) (cited with approval as describing the majority rule New Mexico has adopted by *Curley*, 939 P.2d at 1105); *id.*, §464, n. 81 ("it is…robbery to pick a person's pocket…while jostling…him" (citing *Snyder v. Commonwealth*, 58 SW 422, 422 (Ky. App. 1900)) ; *id.*, n. 82 (same conclusion for "pushing" (citing *Seymour v. State*, 15 Ind. 288, 290 (1860)); *id.*, n. 83 (citing *Mahoney v. People*, 48 How. Pr. 185, 189-190 (1874) (it is robbery when force is used to divert the victim's attention, "whether the force gave pain or not," as long as it accomplished the theft), *aff'd* 59 NY 659 (1875).

It is apparent then that the least amount of force necessary to commit New Mexico armed robbery in the second degree is less than the "physical force" to which

§924(e)(2)(B)(i) refers, that is, "strong physical force," "a substantial degree of force," "*violent force*-that is, force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140 (emphasis in original). The Ninth Circuit's opinion in *United States v. Dominguez-Maroyoqui*, 748 F.3d 918 (9th Cir. 2014), illustrates this point. In that case, the court found that bumping a person, jolting the arm and shoulder of the person, grabbing the person's jacket or spitting in the person's face does not rise to the level of *Johnson's* "physical force." *Id.* at 921; see also *United States v. Montes-Flores*, 736 F.3d 357, 368 (4th Cir. 2013) (stranger embracing a young lady or a large man fondling a child does not constitute *Johnson* "physical force"); *United States v. Flores-Cordero*, 723 F.3d 1085, 1087-1088 (9th Cir. 2013) (struggling to keep from being handcuffed and kicking an officer do not equal *Johnson* "physical force").

A number of cases have found force during robbery like that required in New Mexico's robbery statute to be insufficient to amount in *Johnson* "physical force." In *United States v. Hollins*, 514 F. App'x 264 (3rd Cir. 2013), for example, the Third Circuit examined the elements of Pennsylvania robbery. *Id.* at 267-268. According to Pennsylvania law, for conduct to be robbery the "degree of actual force [used] is immaterial, so long as it is sufficient to separate the victim from his property in, on or about his body." *Id.* (quoting Commonwealth v. Brown 484 A. 2d 738, 741 (1984)). That force was not enough to constitute *Johnson's* "physical force," the Third Circuit held. *Id.* at 268.

The force element of New Mexico second-degree armed robbery is essentially the same as the force element of Pennsylvania robbery. The amount of force is immaterial. *Martinez*, 513 P.2d at 403; NMRA UJI 14-1621, committee commentary. It only has to

8

be enough force to overcome the "resistance of attachment." Such as the force needed to snatch a pin attached to a person's clothes. *Curley*, 939 P.2d at 1105, 1106. Thus *Hollin's* logic leads to the conclusion that New Mexico second-degree armed robbery does not have "as an element the use, attempted use, or threaten use of physical force against the person of another under §924(e)(2)(B)(i).

      A number of other federal cases have found the force element of robbery offenses fails to meet the *Johnson* "physical force" standard for reasons similar to those the *Hollin's* court articulated. *See United States v. Bell*, ____F. Supp. 3d. ____, 2016 WL 344749, at **8-10 (N.D. Cal. Jan. 28, 2016) (no "physical force" element where 18 U.S.C. §2112 only required enough force to take an item attached to a person or a person's clothes: for example: pulling a key chain and "popping" a leather loop; pushing; kicking an officer and causing a minor scuffle); *United States v. Moncrieffe*, ____F. Supp. 3d.____, 2016 WL 913391, at ** 16-19 (E.D.N.Y. Mar. 10, 2016) (same conclusion where New York robbery could be committed by bumping, a brief tug-of-war over property, blocking someone from pursuing the robber, trying to push the victim, or jostling); *United States v. Litzy*,____F. Supp. 3d____, 2015 WL 5895199, at **4-5 (S.D.W. Va. Oct. 8, 2015) (same conclusion where an element of Ohio robbery is the use of fear that induces a person to part with property against the person's will and could be committed by ripping a purse from a victim's shoulder and hands, compulsion or constraint); *see also United States v. Castro-Vazquez*, 802 F.3d 28, 37-38 (1st Cir. 2015) (there is a reasonable likelihood Puerto Rico robbery, which requires the "slightest use of force," does not have a "physical force" element); *In re Sealed Case*, 548 F.3d 1085, 1090 (D.C. Cir. 2008) (D.C. robbery by force and violence requires a minimal level of

9

force that would not satisfy §924(e)(2)(B)(i)); *United States v. Bilal*, 610 F. App'x 569, 569-570 (6th Cir. 2015) (Ohio aggravated attempted robbery does not satisfy §924(e)(2)(B)(i)); *United States v. Carmichael*, 408 F. App'x 769, 770 (4th Cir. 2011) (same conclusion regarding North Carolina common law robbery).

In sum, the 2010 *Johnson* decision, New Mexico and federal case law establish that David L. King's New Mexico second degree armed robbery offense does not meet the criteria for the ACCA's "physical force" provision. The Tenth Circuit's opinion in *United States v. Lujan*, 9 F3.d 890 (10th Cir. 1993), does not require a different conclusion. In *Lujan*, well before the 2010 *Johnson* decision, the Tenth Circuit said the New Mexico robbery statute has an element the satisfies §924(e)(2)(B)(i). The Court dealt with the issue in one sentence, supporting its conclusion simply by quoting with italics without explanation the "use or threatened use of force or violence" language of N.M. Stat. Ann. §30-16-2. The court did not discuss whether New Mexico robbery required a particular level of force. It just relied on the similarity between the language of N.M. Stat. Ann. §30-16-2 and §924(e)(2)(B)(i). *Id*. at 892.

There are two reasons why *Lujan* does not govern the question of whether David L. King's armed robbery offense comports with the "physical force" clause. First, the *Lujan* court never addressed the issue before this court: whether New Mexico armed robbery requires the amount of force to which the ACCA's "physical force" clause refers. The court merely cited N.M. Stat. Ann. §30-16-2's words without considering if the quantity of force mattered. *Id*.

Stare decisis ascribes precedential value only to issues that are actually decided. *United States v. Romero*, 491 F.3d 1173, 1177 (10th Cir.). "Questions which merely lurk

10

in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedent." *Id*. (quotations and citations omitted). If no party argued an issue of law in a particular case, the decision in that case does not constitute precedent with respect to that issue. *United Food & Commercial Workers Union, Local 1564 of New Mexico v. Albertson's, Inc.*, 207 F.3d 1193, 1199 (10th Cir. 2000).

*United States v. Booker*, 543 U.S. 220 (2005), demonstrates this point. In that case, the Supreme Court held that imposing a sentence above the maximum sentence permissible under a mandatory Sentencing Guidelines system based on judicial findings of fact violated the Sixth Amendment. *Id*. at 230-237. The Court held stare decisis did not require a different conclusion, even though in a number of previous decisions it had let stand sentences that contravened its current ruling. The Court explained that the defendants in the prior cases had not made the argument that carried the day in the instant case. *Id*. at 239-241; *see also Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993) ("[S]ince we have never squarely addressed the issue, and have at most assumed that [harmless-error-beyond-a-reasonable-doubt standard], we are free to address the issue on the merits.:").

The Tenth Circuit abides by the same principle. *See United States v. Lozado*, 776 F.3d 1119, 1126, n. 3 (10th Cir. 2015) (Tenth Circuit decisions determining declarants made statements against interest were not controlling precedent in the instant case because those decisions did not address whether the declarants were aware of the self-inculpatory nature of their statements or whether a reasonable person would have been aware); *United States v. Heineman*, 767 F.3d 970, 974 (10th Cir. 2015) (prior Tenth

Circuit opinion that used a definition of true threat without an element of intent to instill fear did not establish there was no such element because that prior opinion failed to address whether that intent was a required element).

Consequently, since the *Lujan* court did not address the issue, the *Lujan* decision does not stand for the proposition that New Mexico armed robbery requires enough force to satisfy the ACCA's "physical force" clause. This court is therefore not bound by *Lujan* to reach that conclusion. *See Moncrieffe*, 2016 WL 913391, at * 18 (New York federal district court did not consider itself bound by two Second Circuit cases that found the elements of robbery in §924(e)(2)(B)(i) in part because neither case addressed the degree of force required under the relevant jurisdiction's law).

Second, a circuit decision is not binding to the extent that it is inconsistent with a later Supreme Court decision. *Heineman*, 767 F.3d at 973. The Tenth Circuit decided *Lujan* in 1993, seventeen years before the *Johnson* decision, which for the first time defined the term "physical force" in §924(e)(2)(B)(i), New Mexico's second-degree armed robbery does not require the use, attempted use or threatened use of force of sufficient magnitude to meet the ACCA's "physical force" standard. Even assuming arguendo *Lujan* was ever contrary precedent in that regard, it no longer is. *See Flores-Cordero*, 723 F.3d at 1078-1088 (2010 *Johnson* case was controlling, intervening authority that superseded prior circuit precedent that an Arizona resisting-arrest offense satisfies a "physical force" clause); *Hollins*, 514 App'x at 267-268 (declining to follow a prior circuit holding that Pennsylvania robbery satisfies the "physical force" element requirement because the 2010 *Johnson* decision cast doubt on the prior decision).

In sum, the *Lujan* case is not an obstacle to the court holding that David L. King's second-degree armed robbery offense fails to satisfy the "physical force" element

requirements of §924(e)(2)(B)(i). Since that offense is not a "violent felony" under the ACCA, given the constitutionally-required absence of the residual clause, the district court's imposition of an ACCA sentence in reliance on the residual clause is a due process error the government cannot prove to be harmless.

For these reasons, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id*. at 2563. This is true in all circumstances. The Court made clear it did not matter if a particular offense obviously poses a serious risk of potential risk of physical injury to another. Applying the ACCA's residual clause, based on such an offense, to increase a defendant's sentence violates due process in all instances. *Id*. at 2560-2561: *United States v. Snyder*, 793 F.3d 1241, 1246 (10th Cir. 2015) ("applying the residual clause violates due process in all instances").

4. **The April 18, 2016 Supreme Court decision in *Welch v. United States*, 136S. Ct. 1257 (2016) applies the substantive rule announced in *Johnson* retroactively**

In *Welch v. United States*, 136 S. Ct. 1257 (2016) the Supreme Court held that its decision in *Johnson*, which held that the definition of prior "violent felony" in the residual clause of the ACCA was unconstitutionally vague under due process principles, announced a substantive rule that applied retroactively on collateral review. The framework for determining whether a new rule applies to cases on collateral review stems from the opinion in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

Under Teague, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced."

13

489 U.S., at 310, 109 S. Ct. 1060. *Teague* recognizes two categories of decisions that fall outside this general bar on retroactivity for procedural rules. First, "[n]ew substantive rules generally apply retroactively." *Schriro v. Summerlin,*, 542 U.S. 348, 351, 124 S. Ct. 2519, 159 L.Ed.2d 442 (2004), *Teague*, *supra*, at 307 311, 109 S. Ct. 1060. Second, new " 'watershed rules of criminal procedure ' " which are procedural rules "implicating the fundamental fairness and accuracy of the criminal proceeding," will also have retroactive effect. *Saffle v. Parks*, 494 U.S. 484, 495, 110 S. Ct. 1257, 108 L.Ed.2d 415 (1990); *see Teague*, *supra*, at 311-313, 109 S. Ct. 1060.

The rule announced in *Johnson* is substantive. By striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the ACCA, altering "the range of conduct or the class of persons that the [Act] punishes." *Schriro, supra*, at 353, 124 S. Ct. 2519. Before *Johnson*, the ACCA applied to those who possessed a firearm after three violent felony convictions, even if one or more of those convictions fell under only the residual clause. An offender in that situation faced fifteen (15) years to life in prison. After *Johnson*, the same person engaging in the same conduct is no longer subject to the Act and faces at most ten (10) years in prison. The residual clause is invalid under *Johnson*, and it can no longer mandate or authorize any sentence. *Johnson* establishes, in other words, that "even the use of impeccable factfinding procedures could not legitimate" a sentence based on that clause. *Welch v. United States*, 136 S. Ct. 1257 (2016) therefore holds that because *Johnson* is a substantive decision that it has retroactive effect in cases on collateral review.

    **5.**    <u>**David L. King is entitled to a prompt resentencing to new sentence that is no greater than ten years in prison**</u>

As discussed under the Statement of Facts, David L. King received an ACCA sentence solely because the court classified his New Mexico armed robbery as a "violent felony" pursuant to the ACCA's residual clause. David L. King has no other conviction that could substitute as an ACCA predicate. Neither the government, nor the probation office, nor any court has said otherwise. (PSR-Page 8, Paragraph 26) (listing two New Mexico burglary convictions and the New Mexico armed robbery conviction as the predicates for ACCA eligibility). Now that *Johnson* has held the ACCA's residual clause to be unconstitutionally vague, no ACCA enhancement depending on the residual clause can constitutionally stand. *Welch*, 136 S. Ct. at 1265. No matter how violent any particular offense may be, if it only qualifies as a "violent felony" through the residual clause, it cannot be used as a basis for an ACCA enhancement consistent with due process. *Johnson*, 135 S. Ct. at 2560-61.

Since David L. King's ACCA sentence depends entirely on the residual clause, it violates due process. He is entitled to a vacating of his fifteen (15) year prison sentence and resentencing to a prison term that is no greater than ten (10) years. *See Snyder*, 793 F.3d at 1245-46 (district court violated due process under *Johnson* when it imposed an ACCA sentence where one of the three convictions upon which the court relied for the ACCA sentence depended upon the residual clause for ACCA eligibility). As stated above, in *Welch* the Supreme Court held the *Johnson* decision announced a substantive rule and therefore made that rule retroactive to cases on collateral review.

For the reasons stated above, the retroactive application of the 2015 *Johnson* decision eliminating the residual clause means David L. King has at most two convictions this court may consider as predicate convictions for eligibility under the ACCA. Thus,

15

the ACCA does not authorize David L. King's fifteen (15) year sentence. 18 U.S.C. §924(e)(1) (requiring three or more convictions of "violent felonies" or "serious drug offenses" for a fifteen (15) year mandatory minimum sentence). The law authorizes a sentence for David L. King of not more than ten years imprisonment. 18 U.S.C. §924(a)(2). Since David L. King is serving a sentence considerably higher than due process and the applicable law allow, he is entitled to relief under 28 U.S.C. §2255.

This court should grant David L. King immediate relief. Given the retroactivity of the *Johnson* decision as a result of the April 18, 2016 decision in *Welch v. United States*, No. 136 S. Ct. 1257 (2016), and that David L. King has serve more than ten years in prison, this court should promptly grant his §2255 motion and set a resentencing date in the very near future. At the resentencing hearing, this court must impose a sentence of no greater than ten (10) years in prison, and release David L. King from custody, given that he has already served more than ten (10) years in prison.

Counsel for the government, Assistant United States Attorney David M. Walsh, has been contacted regarding this matter and opposes this motion.

## **CONCLUSION**

For the reasons stated above, Defendant David L. King requests that this court expeditiously grant his §2255 motion, vacate his sentence, schedule a resentencing for a date in the very near future, impose a sentence of no greater than ten (10) years in prison, and release David L. King from custody, given that he has already served more than ten (10) years in prison.

Respectfully submitted:

<u>Electronically filed</u>
Kenneth A. Gleria
Attorney for David L. King
1008 5th St. NW
Albuquerque, NM 87102
(505) 342-7843

I HEREBY CERTIFY that a copy of the foregoing was mailed/delivered to all counsel of record, and to Richard Bohlken, USPO, this 26th day of May, 2016.  Kenneth A. Gleria